UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**UNITED STATES OF AMERICA**

**VS.**                                                            **Criminal No. 3:99CR136WN**
                                                                    **Civil No. 3:05CV86HTW AGN**

**MICHAEL D. JEFFERSON**

### ORDER

Before the court is the motion of Michael D. Jefferson to vacate or reduce his sentence, said motion brought under Title 28 U.S.C. § 2255.[1] Jefferson's conviction was affirmed by the United States Court of Appeals for the Fifth Circuit on August 9, 2001. The conviction became final on October 18, 2001, when the United States Supreme Court denied Jefferson's petition for a writ of certiorari.

Jefferson filed the instant motion on February 9, 2005, twenty-seven months after his conviction became final. Title 28 U.S.C. § 2255[2] provides that the instant motion had to be filed within one year after his conviction became final in order to be

---

[1] Title 28 U.S.C. § 2255 provides in pertinent part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] Title 28 U.S.C. § 2255 also provides that, "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– (1) the date on which the judgment of conviction becomes final;  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

valid. *See United States v. Flores*, 135 F. 3d 1000, 1006 (5th Cir. 1998). Thus, on its face, the petitioner's motion under § 2255 is untimely and must be denied.

The petitioner contends that his motion should be viewed as timely by this court based on his suggestion that holdings in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should be applied retroactively to his conviction and sentence because they set forth a "newly recognized right" which would start the one-year statute of limitations anew, presumably on January 12, 2005, the date *Booker* was decided. This court is unpersuaded by this suggestion for the following reasons.

Title 28 U.S.C. § 2255 provides that an extension of the statute of limitations will be granted when constitutional rights are made "retroactively applicable to cases on collateral review." (See footnote 2). When *Booker* was decided, Jefferson had not pursued collateral review of this case. So, even if *Booker* could be applied retroactively, this would be limited only to those cases on collateral review at the time *Booker* was decided.

Moreover, the Fifth Circuit has concluded that *Booker* announces a new rule of procedure which does not fit into either of the two exceptions to non-retroactivity provided by the United States Supreme Court in *Teague v. Lane*, 489 U.S. 288, 290, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *United States v. Gentry*, 432 F.3d 600, 604-05 (5th Cir. 2005). The first *Teague* exception to non-retroactivity applies to new rules

"forbidding criminal punishment of certain primary conduct and rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Beard v. Banks*, 542 U.S. 406, 124 S.Ct. 2504, 2510-13, 159 L.Ed.2d 494 (2004). This exception deals with a new rule that "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Gentry*, 432 F.3d at 604-05, citing *Teague*, 489 U.S. at 290, 109 S.Ct. 1060. Because *Booker,* nor *Blakely,* nor *Apprendi* added or removed any conduct from the realm of criminal offenses, this exception is inapplicable.

The second *Teague* exception to non-retroactivity protects "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Beard*, 542 U.S. at 417. Such a rule "must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004) (quoting *Teague*, 489 U.S. at 290, 109 S.Ct. 1060). "This 'class of rules is extremely narrow.' It is important to note that no such watershed rule has been identified by the Supreme Court since the standard's inception. The [Supreme] Court, however, has pointed to *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)(establishing criminal defendants' right to counsel in trials involving serious crimes), to specify the type of case that would fit into this exception." *Gentry*, 432 F.3d at 605.

Finally, the Fifth Circuit held in *In re Elwood*, 408 F.3d 211 (5th Cir. 2005), that *Booker* did not apply retroactively to cases on collateral review for purposes of a successive § 2255 motion. In *Gentry*, 432 F.3d at 605, the Fifth Circuit announced

3

that it had joined the several Courts of Appeals which hold that *Booker* does not apply retroactively even to initial § 2255 motions.

Inasmuch as *Booker* does not apply retroactively to Jefferson's motion for relief under § 2255 in the instant case, neither *Blakely* nor *Apprendi* may be so applied. Therefore, this motion fails and must be denied.

**SO ORDERED** this the 18th day of April, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Criminal No. 3:99-CR-136 WN

Civil No. 3:05-CV-86 HTW-AGN

Order